IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL CHESTER, JR., | : | |
| Petitioner, | : | 1:16-cv-1676 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN EBBERT, | : | |
| Respondent | : | |

**MEMORANDUM**

**August 31, 2016**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Carl Chester, Jr. ("Chester"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

**I.  BACKGROUND**

Following a jury trial, Chester was convicted of three counts of possession with intent to distribute, and distribution of, cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). (Doc. 1). The following procedural background is set forth in a United States District Court for the District of Nevada:

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

> The Court sentenced Defendant to 264 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in March 2009. Defendant later successfully moved in state court to have a state criminal judgment against him amended. Defendant then filed a habeas corpus motion in this Court under 28 U.S.C. § 2255, arguing, *inter alia*, that he should be resentenced because the original sentencing was based on a career offender finding that could not be supported in light of the correction to the state court judgment. In October 2011, the Court granted the motion as to resentencing but denied the motion as to the claims of ineffective assistance of counsel and prosecutorial misconduct. In March 2012, the Court resentenced Defendant to 168 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed in August 2013.
>
> Defendant filed a second § 2255 motion. The Court denied the motion, stating that Defendant would have to petition the Court of Appeals for permission to file a successive motion under § 2255. See 28 U.S.C. § 2255(h). Defendant filed a motion to reconsider, noting that a § 2254 motion is not "second or successive" under the statute if an amended judgment and sentencing has intervened since the first motion was adjudicated. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012). The Court, assuming arguendo that the Court of Appeals would read "second or successive" under § 2255(h) to mean the same thing as it does under § 2244(b), declined to reconsider, denying the arguments on the merits.

*United States v. Chester*, No. 206CR00309RCJPAL1, 2016 WL 593520, at *1 (D. Nev. Feb. 12, 2016). Chester then sought correction of the Judgment "due to the alleged unconstitutionality of one of the conditions of supervised release and also due to its failure to identify the precise number of days credit for time served, as

reflected in the presentence investigation report. The Court perceive[d] the motion as a successive motion under § 2255 and denie[d] it. *See* 28 U.S.C. § 2255(h). *United States v. Chester*, No. 206CR00309RCJPAL1, 2016 WL 3267299, at *2 (D. Nev. June 7, 2016). According to Chester, his appeal of this determination is currently pending before the Ninth Circuit. (Doc. 2, p. 2).

He filed the instant petition on August 12, 2016, alleging "1) Counsel in his initial habeas proceedings was ineffective for failing to raise claims of ineffective assistance at trial and pursuant to the Supreme Court's holding in Martinez the procedural default of ineffective assistance at trial claims should be excused due to such and a determination on the merit[s] should be reached. 2) Trial counsel was ineffective for failing to know law and failing to provide adequate advice." (Doc. 2, p. 2).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition

unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Chester seeks relief based on ineffective assistance of trial counsel claims. He alleges that the claims are now procedurally defaulted due to the ineffective assistance of collateral proceedings counsel and seeks to excuse the procedural default based on *Martinez v. Ryan*, —U.S. —, 132 S.Ct. 1309 (2012), and to have this Court consider the ineffective assistance of trial counsel claims in the first instance. There is no indication that Chester has raised these claims, or presented his *Martinez* argument in a subsequent motion under 28 U.S.C. § 2255. Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id*. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier

opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. *Dorsainvil*, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Chester fails to demonstrate that he falls within the *Dorsainvil* exception  If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971).

## III. **CONCLUSION**

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.